**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



EVONNE STOUT,

            Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

            Defendant-Appellee.

No.    20-36013

D.C. No. 2:19-cv-01994-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted February 9, 2022[**]
Seattle, Washington

Before:  BYBEE, BEA, and CHRISTEN, Circuit Judges.

Evonne Stout appeals the decision of the Commissioner of the Social

Security Administration (SSA) denying her applications for disability insurance

benefits and supplemental security income for a period beginning on December 31,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2014. The ALJ concluded that, based on the admitted evidence, Stout was not disabled and denied her applications for benefits, and the district court affirmed. We affirm.

1. SSA regulations state that, in order for written evidence to be considered, the claimant must submit or inform the ALJ about the evidence no later than five business days before the hearing. 20 C.F.R. §§ 404.935(a), 416.1435(a). If the claimant fails to comply, the ALJ may decline to consider the evidence, subject to certain exceptions. *See* 20 C.F.R. §§ 404.935(b), 416.1435(b). Stout argues that the ALJ abused his discretion when he admitted her late-submitted medical records from St. Joseph Hospital, but refused to admit late-submitted medical source statements from a treating source located at a different facility. However, Stout's late-submitted medical records were submitted in compliance with SSA regulations, because her counsel sent a letter to the ALJ six days before the hearing informing the ALJ about the outstanding evidence. In contrast, Stout failed to timely inform the ALJ about her outstanding medical source statements despite requesting the statements months before her hearing. It is not an abuse of discretion for the ALJ to find good cause to admit evidence that was submitted consistent with SSA regulations and similarly refuse to consider evidence that was submitted in violation of those regulations.

2

2.      Stout also argues that the ALJ erred by rejecting or ignoring "every other medical opinion available to him," thus rendering the evidence inadequate to support his conclusions.  However, the ALJ did not fully reject any of the medical opinions available to him—he gave partial weight to an examining doctor who did not define "poor or fair" ability to perform certain tasks,[1] partial weight to two reviewing doctors to the extent their assessments were consistent with more recent evidence, and great weight to a reviewing doctor whose assessment was consistent with the medical evidence.  To the extent that Stout argues that the record was inadequate to support the ALJ's conclusions, she does not point to a valid gap or inadequacy—the record contains over four years of Stout's medical records, with notes from her care providers describing her mental and physical function over time and assessments of her treatment plans.  *See Ford*, 950 F.3d at 1156; *Wellington v. Berryhill*, 878 F.3d 867, 875 (9th Cir. 2017).  Further, these records support the ALJ's conclusions.  The ALJ pointed to instances in which Stout reported that her impairments improved with treatment and notes from care

---

[1] Stout argues that the ALJ had a duty to contact the examining doctor when he determined that the doctor's descriptions were inadequate.  We previously rejected a similar argument because an ALJ has no such duty when the record is adequate, *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020), so Stout's argument is unavailing.

3

providers consistent with the ALJ's assessment of her residual functioning capacity.

**AFFIRMED.**